UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 520 S. MICHIGAN AVENUE ASSOCIATES, LTD. d/b/a THE CONGRESS PLAZA HOTEL & CONVENTION CENTER )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>UNITE HERE NATIONAL RETIREMENT FUND, )<br>)<br>)<br>**Defendant.** ) | Case No. 10 C 1395<br><br>Judge Kennelly |

## UNITE HERE NATIONAL RETIREMENT FUND'S ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant, UNITE HERE National Retirement Fund (the "NRF"), by and through its undersigned counsel, as and for its Answer to the Complaint filed on March 2, 2010 by Plaintiff, 520 South Michigan Avenue Associates, Ltd. d/b/a The Congress Plaza Hotel & Convention Center ("Congress Plaza Hotel"), respectfully states as follows:

### NATURE OF ACTION

1. *Complaint Paragraph 1 Provides*: Congress Plaza Hotel timely brings this action to enforce the arbitration decision and award rendered by Mark L. Irvings, Impartial Arbitrator, on February 27, 2010, attached hereto as **Exhibit A**, following an arbitration evidentiary hearing in Chicago, Illinois.

*Answer*: The NRF admits the allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION

2.      *Complaint Paragraph 2 Provides*:  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001-1453, and jurisdiction over this action properly lies with this Court pursuant to ERISA §§ 4221(b)(2) and 4301(c), 29 U.S.C. §§ 1401(b)(2), and 1451(c).

*Answer*:  The NRF admits the allegations contained in Paragraph 2 of the Complaint.

## VENUE

3.      *Complaint Paragraph 3 Provides*:  Venue is proper in this forum pursuant to ERISA §4301(d), 29 U.S.C. § 1451(d) inasmuch as Plaintiff NRF is administered in part in Aurora, Illinois, and Defendant conducts business in the District.

*Answer*:  The NRF denies the allegations contained in Paragraph 3 of the Complaint, except admits that venue is proper in this forum pursuant to ERISA §4301(d), 29 U.S.C. § 1451(d).

4.      *Complaint Paragraph 4 Provides*:  The NRF is a multiemployer pension benefits plan within the meaning of ERISA §§ 3(2) and (37), 29 U.S.C. §§ 1002(2) and (37). The plan is maintained by contributing employers who have entered into collective bargaining agreements with various local unions.

*Answer*:  The NRF admits the allegations contained in Paragraph 4 of the Complaint.

5. ***Complaint Paragraph 5 Provides***: The NRF is partially administered in Aurora, Illinois and provides pension benefits to eligible employees of contributing employers and, where applicable, to beneficiaries of such employees.

*Answer*: The NRF denies the allegations contained in Paragraph 5 of the Complaint, except admits that the NRF provides retirement and related benefits to eligible participants and beneficiaries.

6. ***Complaint Paragraph 6 Provides***: Congress Plaza Hotel is an Employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) engaged in commerce and its activities affect commerce within the meaning of ERISA § 3(11) and (12), 29 U.S.C. § 1002 (11) and (12).

*Answer*: The NRF admits the allegations contained in Paragraph 6 of the Complaint.

7. ***Complaint Paragraph 7 Provides***: Congress Plaza Hotel is a limited partnership doing business as The Congress Plaza Hotel and Convention Center in Chicago, Illinois.

*Answer*: The NRF admits that the Congress Plaza Hotel does business in Chicago, Illinois. The NRF lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations set forth in Paragraph 7 of the Complaint.

## COUNT I

## CLAIM TO ENFORCE AWARD

8. ***Complaint Paragraph 8 Provides***: Paragraphs one (1) through seven (7) are incorporated by reference as if fully set out herein.

*Answer*:  The NRF repeats, reiterates and re-alleges each and every denial, admission, and answer herein to Paragraphs numbered 1 through 7 as if more fully set forth at length herein.

9. *Complaint Paragraph 9 Provides*:  On February 27, 2010, the Impartial Arbitrator reversed Defendant's determination to impose a partial withdrawal liability assessment in the amount of $2,440,445.00 and directed the NRF to refund to Congress Plaza Hotel, in a lump sum, with interest, all interim withdrawal liability payments made by Congress Plaza Hotel.  See Exhibit A.

*Answer*:  The NRF denies the allegations contained in Paragraph 9 of the Complaint, except admits that on February 27, 2010, Arbitrator Mark Irvings issued an award that the NRF improperly assessed Congress Plaza Hotel for partial withdrawal liability and directed the NRF to rescind its partial withdrawal liability assessment in the amount of $2,440,445.00 and further directed the NRF to refund to Congress Plaza Hotel, in a lump sum, with interest, all interim withdrawal liability payments made by Congress Plaza Hotel.

10. *Complaint Paragraph 10 Provides*:  In addition, the Impartial Arbitrator in his February 27, 2010 decision directed the NRF to pay to the Congress Plaza Hotel photocopying costs, and retained jurisdiction to resolve any disputes the parties may have in agreeing to interest to be paid to the hotel on the returned interim payments.  See Exhibit A.

*Answer*:  The NRF denies the allegations contained in Paragraph 10 of the Complaint, except admits that in addition to Arbitrator Irvings' award described in Paragraph 9 of this Answer, Arbitrator Irvings also directed the NRF to pay Congress Plaza Hotel $380 for photocopying costs for documents that Congress Plaza Hotel copied for the NRF in discovery.

The NRF further admits that Arbitrator Irvings retained jurisdiction to resolve any dispute the parties might have agreeing on the appropriate interest rate on the interim payments.

11.     ***Complaint Paragraph 11 Provides***:  The Congress Plaza Hotel has paid a total of $421,187.76 in interim payments to the NRF.

*Answer*:  The NRF admits the allegations contained in Paragraph 11 of the Complaint.

12.     ***Complaint Paragraph 12 Provides***:  Under ERISA § 4221(b)(2), upon completion of the arbitration proceedings, Congress Plaza Hotel is authorized to bring this action to enforce the arbitration award.

*Answer*:  The NRF admits the allegations contained in Paragraph 12 of the Complaint.

13.     ***Complaint Paragraph 13 Provides***:  Under ERISA § 4301(a), 29 U.S.C. § 1451(a), the Congress Plaza Hotel is an employer who is adversely affected by the act or omission of a multiemployer plan and is authorized to bring this action.

*Answer*:  The NRF denies the allegations contained in Paragraph 13 of the Complaint, except admits that the Congress Plaza Hotel is adversely affected by the NRF's assessment of partial withdrawal liability.

14.     ***Complaint Paragraph 14 Provides***:  Under ERISA § 4301(e), 29 U.S.C. § 1451(e), the prevailing party may be awarded the costs and expenses including reasonable attorney's fees incurred in connection this action.

*Answer*:  The NRF denies that Congress Plaza Hotel is entitled to any relief whatsoever and denies that Congress Plaza Hotel is entitled to its costs and expenses

incurred in connection with this action, including reasonable attorney's fees, but refers to ERISA § 4301(e); 29 U.S.C. § 1451(e) for the full and complete terms thereof.

15. *Complaint Paragraph 15 Provides*: This Court should enter an order enforcing the Impartial Arbitrator's decision dated February 27, 2010.

*Answer*: The NRF denies the allegation in Paragraph 15 of the Complaint.

**WHEREFORE**, the NRF respectfully requests that this Court grant Congress Plaza Hotel no relief under its Complaint and that Congress Plaza Hotel's claims be dismissed with prejudice.

## COUNTERCLAIM

Defendant-Counterclaimant, UNITE HERE National Retirement Fund (the "NRF"), by and through its undersigned counsel, as and for its Counterclaim filed against Plaintiff-Counterdefendant, 520 South Michigan Avenue Associates, Ltd. d/b/a The Congress Plaza Hotel & Convention Center ("Congress Plaza Hotel"), respectfully alleges as follows:

### NATURE OF ACTION

1. The UNITE HERE National Retirement Fund brings this action to modify and/or vacate the arbitration award issued by Arbitrator Mark L. Irvings on February 27, 2010, a true and correct copy of which is attached hereto as Exhibit A.

### JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act 1974 ("ERISA"), *as amended* by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1453, and jurisdiction over this action properly lies with this Court pursuant to ERISA §§ 4221(b)(2) and 4301(c), 29 U.S.C. §§ 1401(b)(2) and 1451(c).

3.  Venue is proper in this forum pursuant to ERISA §4301(d), 29 U.S.C. § 1451(d) inasmuch as the NRF and Congress Plaza Hotel conduct business in the District.

4.  A copy of the complaint in this action has also been served upon the Pension Benefit Guaranty Corporation by certified mail pursuant to ERISA § 4301(g) , 29 U.S.C. § 1451(g).

## PARTIES

5.  The NRF is a multiemployer employee pension benefit plan within the meaning of ERISA §§ 3(2), (3), and (37), 29 U.S.C. §§ 1002(2), (3), and (37), and a defined benefit plan within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

6.  Pursuant to ERISA §§ 4221(b)(2) and 4301(a)(1), 29 U.S.C. §§ 1401(b)(2) and 1451(a)(1), the NRF is authorized to commence this action.

7.  Congress Plaza Hotel is an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) engaged in commerce and its activities affect commerce within the meaning of ERISA §§ 3(11) and 3(12), 29 U.S.C. §§ 1002(11) and 1002(12).

8.  Congress Plaza Hotel was a contributing employer to the Hotel Employees and Restaurant Employees International Union Pension Fund (the "Hotel Fund") pursuant to a collective bargaining agreement between Congress Plaza Hotel and the Chicago Joint Executive Board of the Hotel Employees and Restaurant Employees International Union, AFL-CIO H.E.R.E., Local No. 1 (the "Union").

**BACKGROUND FACTS**

9. Effective September 30, 2007, pursuant to a merger agreement, the Hotel Fund, along with two other pension funds, merged into the NRF (the "Merger"). As a result of the Merger, Congress Plaza Hotel became a contributing employer to the NRF.

10. The collective bargaining agreement between Congress Plaza Hotel and the Union expired on December 31, 2002. As of the date of this submission, Congress Plaza Hotel and the Union have not entered into a renewed collective bargaining agreement.

11. Since June 15, 2003, Congress Plaza Hotel and the Union have been engaged in an ongoing labor dispute. As a result of that dispute, the Union has been on strike at Congress Plaza Hotel's location.

12. During the course of the strike, Congress Plaza Hotel hired subcontractors and other third parties to do work that was once performed by bargaining unit employees.

13. Congress Plaza Hotel continued to contribute to the Hotel Fund in accordance with the prior collective bargaining agreement until December 31, 2003 when the Hotel Fund refused to accept Congress Plaza Hotel's pension contributions.

14. Subsequently, the Hotel Fund and Congress Plaza Hotel entered into an escrow agreement dated November 29, 2005 and a settlement agreement dated June 22, 2006, under which Congress Plaza Hotel agreed to pay to the Hotel Fund contributions relating to the period from January 1, 2004 through 2006.

15. In January 2007, the Union and Congress Plaza Hotel entered into an agreement extending Congress Plaza Hotel's pension contribution obligations to the Hotel Fund pursuant to the prior collective bargaining agreement, which was effective from January 1, 1998 through December 31, 2002, to December 31, 2007.

16. Congress Plaza Hotel has made, and continues to make, pension contributions to the NRF for all individuals to which it has an obligation to contribute.

17. In October 2008, the NRF determined that there was a precipitous decline in Congress Plaza Hotel's pension contribution levels to the NRF.

18. By letter dated February 12, 2009, the NRF assessed partial withdrawal liability in the amount of $2,440,445 against Congress Plaza Hotel for a partial withdrawal that occurred on December 31, 2006. The basis for this partial withdrawal liability assessment was based on a seventy percent (70%) decline in Congress Plaza Hotel's contribution base units for the testing years 2004, 2005, and 2006.

19. If Congress Plaza Hotel would have made pension contributions to the NRF for employees of the subcontractors and third parties Congress Plaza Hotel retained during the strike to perform work which was, and is, bargaining unit work, Congress Plaza Hotel's contribution base units in 2004, 2005, and 2006 would not have declined by seventy percent (70%).

20. Congress Plaza Hotel requested review of the partial withdrawal liability assessment by letter dated March 18, 2009.

21. The NRF responded to Congress Plaza Hotel's request for review by letter dated June 3, 2009. In that response, the NRF affirmed its partial withdrawal liability assessment against Congress Plaza Hotel.

22. On June 10, 2009, Congress Plaza Hotel initiated arbitration against the NRF.

23. On February 27, 2010, Arbitrator Mark Irvings issued an award that the NRF improperly assessed Congress Plaza Hotel for partial withdrawal liability because the

assessment violated the Labor Dispute Exception pursuant to ERISA § 4218(2), 29 U.S.C. § 1398(2) (the "Labor Dispute Exception"). Arbitrator Irvings directed the NRF to rescind its partial withdrawal liability assessment.

## FIRST CAUSE OF ACTION

## ERROR LAW

24. The NRF repeats and realleges each and every allegation in Paragraphs 1 through 23 as if fully set forth herein.

25. The Arbitrator erred as a matter of law when he determined that the Labor Dispute Exception precluded the NRF from assessing partial withdrawal liability against Congress Plaza Hotel based on a seventy percent (70%) decline in Congress Plaza Hotel's contribution base units for the testing years 2004, 2005, and 2006.

26. The Arbitrator erred as a matter of law in his interpretation of the Labor Dispute Exception.

27. The Arbitrator erred as a matter of law in his interpretation of the term "suspends" provided in ERISA § 4218(2), 29 U.S.C. § 1398(2).

28. The Arbitrator erred when he determined that Congress Plaza Hotel's decline in pension contributions to the NRF was directly caused by the strike.

29. The Arbitrator erred as a matter of law in his interpretation of the phrase "solely because" provided in ERISA § 4218(2), 29 U.S.C. § 1398(2).

30. The Arbitrator erred as a matter of law when he determined that Congress Plaza Hotel's actions did not violate ERISA § 4212(c), 29 U.S.C. § 1392(c).

31. Such errors require that the Arbitrator's award be modified and/or vacated as a matter of law and that the NRF's assessment of partial withdrawal liability be reinstated.

## REQUEST FOR RELIEF

**WHEREFORE**, the NRF respectfully requests that this Court:

A.  Modify and/or vacate Arbitrator Irvings' February 27, 2010 award and uphold the NRF's assessment of partial withdrawal liability against Congress Plaza Hotel.

B.  Grant the NRF their costs and attorney's fees in connection with this action.

C.  Grant the NRF such other and further relief as this Court deems appropriate.

                                                 Respectfully submitted,
                                                 /s/ Michele M. Reynolds
                                                 Local Counsel for Defendant-Counterclaimant

                                                 /s/ Ronald E. Richman
                                                 One of Defendant-Counterclaimant's attorneys

Ronald E. Richman
Shannon Cade
Schulte Roth & Zabel LLP
919 Third Avenue,
New York, NY 10022
(212) 756-2000

Michele M. Reynolds
Ronald M. Willis
Dowd, Bloch & Bennett
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
(312) 372-1361