IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 520 S. MICHIGAN AVENUE ASSOCIATES, ) <br> LTD.d/b/a THE CONGRESS PLAZA HOTEL ) <br> & CONVENTION CENTER ) <br> ) <br> v. ) <br> ) <br> UNITE HERE National Retirement Fund, ) <br> ) <br> Defendant. ) | Case No. 10 C 1395 <br><br> Judge Kennelly |

**PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO COUNTERCLAIM**

Now come Plaintiff, 520 South Michigan Avenue Associates, Ltd., d/b/a The Congress Plaza Hotel & Convention Center ("Congress Plaza Hotel") and for its Answer to Defendant/Counterclaimant's Counterclaim, states as follows:

**NATURE OF ACTION**

1. The UNITE HERE National Retirement Fund brings this action to modify and/or vacate the arbitration award issued by Arbitrator Mark L. Irvings on February 27, 2010, a true and correct copy of which is attached hereto as Exhibit A.

**ANSWER**:

Congress Plaza Hotel admits the allegations contained in paragraph 1 of the Counterclaim.

**JURISDICTION AND VENUE**

2. This action arises under the Employee Retirement Income Security Act 1974 ("ERISA"), *as amended* by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001-1453, and jurisdiction over this action properly lies with this Court pursuant to ERISA §4221(b)(2) and 4301(c), 29 U.S.C. §1401(b)(2) and 1451(c).

**ANSWER**:

Congress Plaza Hotel admits the allegations contained in paragraph 2 of the Counterclaim.

3. Venue is proper in this forum pursuant to ERISA §4301(d), 29 U.S.C. §1451(d)

inasmuch as the NRF and Congress Plaza Hotel conduct business in the District.

**ANSWER**:

Congress Plaza Hotel admits the allegations contained in paragraph 3 of the Counterclaim.

    4.    A copy of the complaint in this action has also been served upon the Pension Benefit Guaranty Corporation by certified mail pursuant to ERISA § 4301(g) , 29 U.S.C. §1451(g).

**ANSWER**:

Congress Plaza Hotel lacks knowledge or information sufficient to form a belief about the truth

of the allegations contained in paragraph 4 of the Counterclaim and therefore denies the same.

## PARTIES

    5.    The NRF is a multiemployer employee pension benefit plan within the meaning of ERISA §3(2), (3), and (37), 29 U.S.C. §1002(2), (3), and (37), and a defined benefit plan within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

**ANSWER**:

Congress Plaza Hotel admits the allegations contained in paragraph 5 of the Counterclaim.

    6.    Pursuant to ERISA §4221(b)(2) and 4301(a)(1), 29 U.S.C. §1401(b)(2) and 1451(a)(1), the NRF is authorized to commence this action.

**ANSWER**:

Congress Plaza Hotel admits that pursuant to ERISA §4221(b)(2), 29 U.S.C. §1401(b)(2), the

NRF is authorized to commence this action but denies the remaining allegations contained in

paragraph 6 of the Counterclaim.

7.    Congress Plaza Hotel is an employer within the meaning of ERISA § 3(5), 29 U.S.C. §1002(5) engaged in commerce and its activities affect commerce within the meaning of ERISA §3(11) and 3(12), 29 U.S.C. §1002(11) and 1002(12).

**ANSWER**:

Congress Plaza Hotel admits the allegations contained in paragraph 7 of the Counterclaim.

      8.     Congress Plaza Hotel was a contributing employer to the Hotel Employees and Restaurant Employees International Union Pension Fund (the "Hotel Fund") pursuant to a collective bargaining agreement between Congress Plaza Hotel and the Chicago Joint Executive Board of the Hotel Employees and Restaurant Employees International Union, AFL-CIO H.E.R.E., Local No. 1 (the "Union").

**ANSWER**:

Congress Plaza Hotel admits the allegations contained in paragraph 8 of the Counterclaim.

## BACKGROUND FACTS

      9.     Effective September 30, 2007, pursuant to a merger agreement, the Hotel Fund, along with two other pension funds, merged into the NRF (the "Merger"). As a result of the Merger, Congress Plaza Hotel became a contributing employer to the NRF.

**ANSWER**:

Congress Plaza Hotel admits the allegations contained in paragraph 9 of the Counterclaim.

      10.    The collective bargaining agreement between Congress Plaza Hotel and the Union expired on December 31, 2002. As of the date of this submission, Congress Plaza Hotel and the Union have not entered into a renewed collective bargaining agreement.

**ANSWER**:

Congress Plaza Hotel admits the collective bargaining agreement between Congress Plaza Hotel and the Union expired on December 31, 2002 but denies the remaining allegations contained in paragraph 10 of the Counterclaim except to the extent they are consistent with the provisions of the underlying arbitration award.

      11.    Since June 15, 2003, Congress Plaza Hotel and the Union have been engaged in an ongoing labor dispute. As a result of that dispute, the Union has been on strike at Congress Plaza Hotel's location.

**ANSWER**:

Congress Plaza Hotel admits the allegations contained in paragraph 11 of the Counterclaim.

 12. During the course of the strike, Congress Plaza Hotel hired subcontractors and other third parties to do work that was once performed by bargaining unit employees.

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 12 of the Counterclaim.

 13. Congress Plaza Hotel continued to contribute to the Hotel Fund in accordance with the prior collective bargaining agreement until December 31, 2003 when the Hotel Fund refused to accept Congress Plaza Hotel's pension contributions.

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 13 of the Counterclaim

except to the extent they are consistent with the provisions of the underlying arbitration award.

 14. Subsequently, the Hotel Fund and Congress Plaza Hotel entered into an escrow agreement dated November 29, 2005 and a settlement agreement dated June 22, 2006, under which Congress Plaza Hotel agreed to pay to the Hotel Fund contributions relating to the period from January 1, 2004 through 2006.

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 14 of the Counterclaim

except to the extent they are consistent with the provisions of the underlying arbitration award.

 15. In January 2007, the Union and Congress Plaza Hotel entered into an agreement extending Congress Plaza Hotel's pension contribution obligations to the Hotel Fund pursuant to the prior collective bargaining agreement, which was effective from January 1, 1998 through December 31, 2002, to December 31, 2007.

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 15 of the Counterclaim

except to the extent they are consistent with the provisions of the underlying arbitration award.

16.     Congress Plaza Hotel has made, and continues to make, pension contributions to the NRF for all individuals to which it has an obligation to contribute.

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 16 of the Counterclaim except to the extent they are consistent with the provisions of the underlying arbitration award.

17.     In October 2008, the NRF determined that there was a precipitous decline in Congress Plaza Hotel's pension contribution levels to the NRF.

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 17 of the Counterclaim except to the extent they are consistent with the provisions of the underlying arbitration award.

18.     By letter dated February 12, 2009, the NRF assessed partial withdrawal liability in the amount of $2,440,445 against Congress Plaza Hotel for a partial withdrawal that occurred on December 31, 2006. The basis for this partial withdrawal liability assessment was based on a seventy percent (70%) decline in Congress Plaza Hotel's contribution base units for the testing years 2004, 2005, and 2006.

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 18 of the Counterclaim except to the extent they are consistent with the provisions of the underlying arbitration award.

19.     If Congress Plaza Hotel would have made pension contributions to the NRF for employees of the subcontractors and third parties Congress Plaza Hotel retained during the strike to perform work which was, and is, bargaining unit work, Congress Plaza Hotel's contribution base units in 2004, 2005, and 2006 would not have declined by seventy percent (70%).

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 19 of the Counterclaim except to the extent they are consistent with the provisions of the underlying arbitration award.

20.     Congress Plaza Hotel requested review of the partial withdrawal liability assessment by letter dated March 18, 2009.

**ANSWER**:

Congress Plaza Hotel admits the allegations contained in paragraph 20 of the Counterclaim.

21. The NRF responded to Congress Plaza Hotel's request for review by letter dated June 3, 2009. In that response, the NRF affirmed its partial withdrawal liability assessment against Congress Plaza Hotel.

**ANSWER**:

Congress Plaza Hotel admits the NRF responded to Congress Plaza Hotel's request for review by letter dated June 3, 2009 but denies the remaining allegations contained in paragraph 21 of the Counterclaim except to the extent they are consistent with the provisions of the underlying arbitration award.

22. On June 10, 2009, Congress Plaza Hotel initiated arbitration against the NRF.

**ANSWER**:

Congress Plaza Hotel admits the allegations contained in paragraph 22 of the Counterclaim.

23. On February 27, 2010, Arbitrator Mark Irvings issued an award that the NRF improperly assessed Congress Plaza Hotel for partial withdrawal liability because the assessment violated the Labor Dispute Exception pursuant to ERISA § 4218(2), 29 U. S.C. § 1398(2) (the "Labor Dispute Exception"). Arbitrator Irvings directed the NRF to rescind its partial withdrawal liability assessment.

**ANSWER**:

Congress Plaza Hotel admits that on February 27, 2010, Arbitrator Mark Irvings issued an award finding that the NRF improperly assessed Congress Plaza Hotel for partial withdrawal liability and directing the NRF to rescind its "determination of withdrawal and assessment." Congress Plaza Hotel denies the remaining allegations contained in paragraph 23 of the Counterclaim except to the extent they are consistent with the provisions of the underlying arbitration award.

## FIRST CAUSE OF ACTION
## ERROR LAW

24. The NRF repeats and realleges each and every allegation in Paragraphs 1 through 23 as if fully set forth herein.

**ANSWER**:

Congress Plaza Hotel repeats and realleges each and every of its answers to allegations in

Paragraphs 1 through 23 of the Counterclaim as if fully set forth herein.

25. The Arbitrator erred as a matter of law when he determined that the Labor Dispute Exception precluded the NRF from assessing partial withdrawal liability against Congress Plaza Hotel based on a seventy percent (70%) decline in Congress Plaza Hotel's contribution base units for the testing years 2004, 2005, and 2006.

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 25 of the Counterclaim.

26. The Arbitrator erred as a matter of law in his interpretation of the Labor Dispute Exception.

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 26 of the Counterclaim.

27. The Arbitrator erred as a matter of law in his interpretation of the term "suspends" provided in ERISA § 42 18(2), 29 U.S.C. § 1398(2).

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 27 of the Counterclaim.

28. The Arbitrator erred when he determined that Congress Plaza Hotel's decline in pension contributions to the NRF was directly caused by the strike.

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 28 of the Counterclaim.

29. The Arbitrator erred as a matter of law in his interpretation of the phrase "solely because" provided in ERISA § 42 18(2), 29 U.S.C. § 1398(2).

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 29 of the Counterclaim.

30. The Arbitrator erred as a matter of law when he determined that Congress Plaza Hotel's actions did not violate ERISA § 42 12(c), 29 U.S.C. § 1392(c).

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 30 of the Counterclaim.

31. Such errors require that the Arbitrator's award be modified and/or vacated as a matter of law and that the NRF's assessment of partial withdrawal liability be reinstated.

**ANSWER**:

Congress Plaza Hotel denies the allegations contained in paragraph 31 of the Counterclaim.

                                          Respectfully submitted,
                                          **520 South Michigan Avenue Associates, Ltd.**

                                          By:   /s/ Bradley Wartman
                                                   One of its Attorneys.

Peter Andjelkovich & Associates
39 S. LaSalle Street, Suite 200
Chicago, IL 60603
(312) 782-8345

Alan M. Levy, Esq.
Lindner & Marsack, S.C.
411 East Wisconsin Avenue, Suite 1800
Milwaukee, Wisconsin 53202
(414) 273-3910

Attorneys for Plaintiff.