IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 520 S. MICHIGAN AVENUE ASSOCIATES, LTD. d/b/a THE CONGRESS PLAZA HOTEL & CONVENTION CENTER | ) ) ) ) | |
| v. | ) ) | Case No. 10 C 1395 |
| UNITE HERE National Retirement Fund, | ) ) | Judge Kennelly |
| Defendant. | ) | |

**PLAINTIFF'S RULE 56.1 STATEMENT OF ADDITIONAL MATERIAL FACTS**

NOW COMES Plaintiff, 520 South Michigan Avenue Associates, Ltd., d/b/a The Congress Plaza Hotel & Convention Center ("Congress Plaza Hotel"), pursuant to Rule 56.1(b)(3)(C) of the Rules of the United States District Court for the Northern District of Illinois, and hereby sets forth the following additional statements of fact requiring the denial of Defendant's motion for summary judgement:

1. According to the Fund Manager, had the hotel not entered into an agreement to pay rate increases imposed by the Fund, the Fund would have deemed the hotel to have withdrawn from the Fund and the Fund would have assessed a compete withdrawal liability against the hotel. These rate change agreements simply provided the Fund the minimum required contributions that are mandated by the trustees and thus precluding a withdrawal liability assessment. Unite Here National Retirement Fund's Statement of Material and Additional Facts ("Rule 56.1 Fund Response"), Exhibit D thereto, pp. 125-26.

2. The Arbitrator found that the hotel had exercised its legal right to use temporary employees of independent contractors to fill in for striking employees. Rule 56.1 Fund Response,

Exhibit C thereto, p. 19.

3. The Arbitrator found as fact that where a small portion of workers return to work and the hotel carry's out its lawful obligations to pay pension contributions on these workers behalf, the employer has suspended contributions for those that remain on strike. Rule 56.1 Fund Response, Exhibit C thereto, p. 20.

4. The Arbitrator found as fact that where an employer stops making pension contributions because an employee is not working because of a labor dispute, and intends to resume making contributions for that employee as soon as the employee returns to work, there is a suspension of contributions. Rule 56.1 Fund Response, Exhibit C thereto, pp. 20-21.

5. The Arbitrator rejected the NRF's argument that the greater than 70% decline was *not* the result of the strike. Rule 56.1 Fund Response, Exhibit C thereto, p. 21.

6. The Arbitrator found that the decline in contributions was directly caused by the strike and but for the strike, the hotel would not have contracted with outside agencies for temporary replacements and therefore, the labor dispute exception protects the hotel from the partial withdrawal liability assessment. Rule 56.1 Fund Response, Exhibit C thereto, p. 21.

7. The size of the bargaining unit at the time of the strike was approximately 130 employees and since the strike, approximately thirty strikers over the course of the strike returned to work. Rule 56.1 Fund Response, Exhibit D thereto, pp. 36-37.

        Respectfully submitted,
        **520 South Michigan Avenue Associates, Ltd.**

By:   /s/ Bradley Wartman
       One of its Attorneys.

| | |
|---|---|
| Peter Andjelkovich & Associates | Alan M. Levy, Esq. |
| Attorneys for Plaintiff | Lindner & Marsack, S.C. |
| 39 S. LaSalle Street, Suite 200 | 411 East Wisconsin Avenue, Suite 1800 |
| Chicago, IL 60603 | Milwaukee, Wisconsin 53202 |
| (312) 782-8345 | (414) 273-3910 |