UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 520 S. MICHIGAN AVENUE ASSOCIATES, LTD. d/b/a THE CONGRESS PLAZA HOTEL & CONVENTION CENTER | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 10 C 1395 |
| v. | ) ) | Judge Kennelly |
| UNITE HERE NATIONAL RETIREMENT FUND, | ) ) ) ) | |
| Defendant. | ) | |

## UNITE HERE NATIONAL RETIREMENT FUND'S RESPONSES TO PLAINTIFF-COUNTERDEFENDANT'S RULE 56.1 STATEMENT OF ADDITIONAL MATERIAL FACTS

NOW COMES Defendant-Counterclaimant, UNITE HERE National Retirement Fund (the "NRF"), by and through its undersigned counsel, to respectfully submit its Responses, pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Northern District of Illinois, to the Statement of Additional Material Facts filed on June 28, 2010 (the "Statement") by Plaintiff-Counterdefendant, 520 South Michigan Avenue Associates, Ltd. d/b/a The Congress Plaza Hotel & Convention Center ("Congress Plaza Hotel"). The NRF respectfully states as follows:

1. According to the Fund Manager, had the hotel not entered into an agreement to pay rate increases imposed by the Fund, the Fund would have deemed the hotel to have withdrawn from the Fund and the Fund would have assessed a complete withdrawal liability against the hotel. These rate change agreements simply provided the Fund the minimum required contributions that are mandated by the trustees and thus precluding a withdrawal

DOC ID-11225367.3

liability assessment. Unite Here National Retirement Fund's Statement of Material and Additional Facts ("Rule 56.1 Fund Response"), Rule 56.1 Fund Response, Exhibit D thereto, pp. 125-26.

**RESPONSE**: The NRF disputes the statements contained in Paragraph 1 of Congress Plaza Hotel's Statement as being an incomplete and inaccurate summary of Mr. Rust's testimony. The NRF respectfully refers the Court to the Arbitration hearing transcript for a full and complete statement of Mr. Rust's testimony.

2. The Arbitrator found that the hotel had exercised its legal right to use temporary employees of independent contractors to fill in for striking employees. Rule 56.1 Fund Response, Exhibit C thereto, p. 19.

**RESPONSE**: The NRF does not dispute that the statements contained in Paragraph 2 of Congress Plaza Hotel's Statement reflect the Arbitrator's findings.

3. The Arbitrator found as fact that where a small portion of workers return to work and the hotel carry's out its lawful obligations to pay pension contributions on these workers behalf, the employer has suspended contributions for those that remain on strike. Rule 56.1 Fund Response, Exhibit C thereto, p. 20.

**RESPONSE**: The NRF does not dispute that the statements contained in Paragraph 3 of Congress Plaza Hotel's Statement reflect the Arbitrator's findings, but disputes that the statements contained in Paragraph 3 of Congress Plaza Hotel's Statement are statements of fact. The NRF disputes Paragraph 3 of Congress Plaza Hotel's Statement to the extent that it contains legal conclusions.

4. The Arbitrator found as fact that where an employer stops making pension contributions because an employee is not working because of a labor dispute, and intends to

resume making contributions for that employee as soon as the employee returns to work, there is a suspension of contributions. Rule 56.1 Fund Response, Exhibit C thereto, pp. 20-21.

**RESPONSE**: The NRF disputes the statements contained in Paragraph 4 of Congress Plaza Hotel's Statement, except admits that the Arbitrator found that "[w]here the employer stops making contributions because an employee is not working because of a labor dispute, and intends to resume making contributions for that employee as soon as the employee returns to work, there is a suspension of *contribution*." *See* Rule 56.1 Fund Response, Exhibit C thereto, pp. 20-21 (emphasis added). The NRF also disputes that the statements contained in Paragraph 4 of Congress Plaza Hotel's Statement are statements of fact. The NRF disputes Paragraph 4 of Congress Plaza Hotel's Statement to the extent that it contains legal conclusions.

5.  The Arbitrator rejected the NRF's argument that the greater than 70% decline was *not* the result of the strike. Rule 56.1 Fund Response, Exhibit C thereto, p. 21.

**RESPONSE**: The NRF does not dispute that the statements contained in Paragraph 5 of Congress Plaza Hotel's Statement reflect the Arbitrator's findings, but disputes the legal conclusion that the 70% decline in contributions was caused by the strike. The NRF disputes Paragraph 5 of Congress Plaza Hotel's Statement to the extent that it contains any other legal conclusions.

6.  The Arbitrator found that the decline in contributions was directly caused by the strike and but for the strike, the hotel would not have contracted with outside agencies for temporary replacements and therefore, the labor dispute exception protects the hotel from the partial withdrawal liability assessment. Rule 56.1 Fund Response, Exhibit C thereto, p. 21.

**RESPONSE**: The NRF does not dispute that the statements contained in Paragraph 6 of Congress Plaza Hotel's Statement reflect the Arbitrator's findings, but disputes the

legal conclusion that the Labor Dispute Exception protects Congress Plaza Hotel from the partial withdrawal liability assessment. The NRF disputes Paragraph 6 of Congress Plaza Hotel's Statement to the extent that it contains any other legal conclusions.

7. The size of the bargaining unit at the time of the strike was approximately 130 employees and since the strike, approximately thirty strikers over the course of the strike returned to work. Rule 56.1 Fund Response, Exhibit D thereto, pp. 36-37.

**RESPONSE:** The NRF does not dispute that the statements contained in Paragraph 7 of Congress Plaza Hotel's Statement reflect the testimony of Mr. Mark Souder, Director of Human Resources for Congress Plaza Hotel, and respectfully refers the Court to the Arbitration hearing transcript for a full and complete statement of Mr. Souder's testimony.

Respectfully submitted,
/s/ Michele M. Reynolds
Local Counsel for Defendant-Counterclaimant

/s/ Ronald E. Richman
One of Defendant-Counterclaimant's attorneys

Ronald E. Richman
Shannon L. Cade
Schulte Roth & Zabel LLP
919 Third Avenue,
New York, NY 10022
(212) 756-2000

Michele M. Reynolds
Ronald M. Willis
Dowd, Bloch & Bennett
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
(312) 372-1361